Yuli Kaplunovsky (SBN # 299178)
9710 Rancho Dr.
Escondido, California 92019
Phone: 760-402-7008
Facsimile: 760-683-3195

Attorney for Defendants



FILED

AUG 0 2 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES RUTHERFORD, an individual,

    Plaintiff

v.

ECONOLODGE, a Business of Unknown Form, RADHIKA-SHYAM, INCORPORATED a California State Corporation AND DOES 1-10 INCLUSIVE

    Defendants

Case No. 18CV1471 LAB JMA

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

(Fed. R. Civ. P. 12(b)(1) &(6)

Date: September 24, 2018
Time: 11:15 a.m.
Courtroom: 14A (14th Floor - Carter/Keep)
Judge: Hon. Larry A. Burns

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT, AND TO ALL PARTIES AND RESPECTIVE COUNSEL HEREIN,

NOTICE IS HEREBY GIVEN, that on the date and time set forth above, or as soon thereafter as the matter may be heard in Courtroom 14A, of the United States District Court, located at: 333 W Broadway, San Diego, CA 92101, Defendants ECONOLODGE, and, RADHIKA SHYAM, INC. will and do hereby move the Court for a motion to dismiss Plaintiffs complaint under Fed. R. Civ. P. 12(b)(1) &(6)

The motion will be based on this notice of motion, on the accompanying Memorandum of Points and authorities, on the Declaration of Bharat Patel, on the record on file herein, on those matters which may be judicially noticed and on any

and all further supporting evidence and/or declaratory testimony which my be presented at the time of hearing on the instant motion.

Date: July 30, 2018                    By: _____
                                            Yuri Kaplunovsky
                                            Attorney for Defendants

1  Yuli Kaplunovsky (SBN # 299178)
   9710 Rancho Dr.
2  Escondido, California 92019
   Phone: 760-402-7008
3  Facsimile: 760-683-3195

4  Attorney for Defendants

FILED

AUG 0 2 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ⁄⁄                    DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES RUTHERFORD, an individual,

       Plaintiff

v.

ECONOLODGE, a Business of Unknown Form, RADHIKA-SHYAM, INCORPORATED a California State Corporation AND DOES 1-10 INCLUSIVE

       Defendants

Case No. 18CV1471 LAB JMA

DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

(Fed. R. Civ. P. 12(b)(1) &(6)

Date:     September 24, 2018
Time:     11:15 a.m.
Courtroom: 14A (14th Floor - Carter/Keep)
Judge:    Hon. Larry A. Burns

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. i-ii

INTRODUCTION ............................................................................................. 1-2

LEGAL STANDARD ........................................................................................ 2-3

ARGUMENT ......................................................................................................... 4

    A. Plaintiff Lacks Article III Standing ............................................................ 4

    B. California Has An Effective Due Process Statute Which
       Plaintiff Has Failed to Comply ............................................................... 4-8

    C. Plaintiff Has Failed To State A Claim For Which
       Relief May Be Granted .............................................................................. 8

CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

Cases

*Cetacean Community v. Bush,*
386 F.3d 1169, 1174 (9th10 Cir.2004) ................................................................. 3,4

*Chandler v. State Farm Mut. Auto. Ins. Co.*
598 F.3d 1115, 1122 (9th Cir. 2010) ...................................................................... 3

*Conservation Force v. Salazar,*
646 F.3d 1240, 1242 (9th Cir.2011) ....................................................................... 3

*Bell Atlantic Corp. v.Twombly,*
550 U.S. 544, 570 (2007) ........................................................................................ 3

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009) ..................................................................................... 3,4

*Pareto v. FD.IC.,*
139 F.3d 696, 699 (9th Cir.1998) ........................................................................... 3

*Sprewell v. Golden State Warriors,*
266 F.3d 979, 988 (9th Cir.2001) ........................................................................... 3

*Levine v. Vi/sack,*
587 F.3d 986, 991-992 (9th Cir. 2009) .................................................................. 4

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 560-61 (1992) .................................................................................. 4

*Molski v. Evergreen Dynasty Corp.*
500 F.3d 1047, 1057 (9th Cir. 2007) ...................................................................... 7

*Doran v. Petroleum Management Corp.,*
545 F.2d 893, 1977 U.S. App. LEXIS 10442 ........................................................ 7

Fed. Sec. L. Rep. (CCH) P95,844, 56 Oil & Gas Rep. 591 .................................... 7

*Voda v. Medtronic, Inc.,* No. 09-0095, 2011 WL 10820070,
at *1 (W.D. Okla. Aug. 17, 2011) ........................................................................... 8

*Sutton v. Utah State Sch. for Deaf & Blind,*
173 F.3d 1226, 1236 (10th Cir. 1999) .................................................................... 8

Statutes

F.R.C.P. Rule 12(b)(1) ......................................................................................... 3,8

F.R.C.P. Rule 12(b)(6) ......................................................................................... 3,8

*California Civil Code 55.3(b)* ...................................................................... 4,6,8,9

California State Bill SB 1186 ................................................................................. 7

| | | |
|---|---|---|
| 1 | *California Civil Code* § 1938 | 7,8,9 |
| 2 | 42 U.S.C. § 12181 | 9 |
| 3 | *California Civil Code* § 51 | 9 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

The Americans with Disabilities Act ("ADA") is recognized as one of the most significant pieces of civil rights legislation in American history and is aimed at protecting the rights of individuals with disabilities.

Unfortunately, as the ADA has developed, some attorneys have exposed methods of exploiting the provisions of the ADA for personal, pecuniary benefits—fee-driven lawsuits for violations of plaintiff-friendly provisions of Title III of the ADA, as is the case before the Court. But for this exploitation, record numbers of Title III disability cases are being filed by a small group of plaintiffs and attorneys who have created a lucrative "cottage industry" of vexatious and profitable lawsuits that do little to protect individuals with disabilities or promote the spirit and purpose of the ADA.

Vexatious ADA litigation frequently occurs under the guise of a meritorious suit ostensibly brought on behalf of an individual with a disability who is seeking equal access to public accommodations. However, once the lawsuit is filed it quickly devolves into a hunt for vulnerable small businesses that are not in full compliance with the ADA.

By exploiting small businesses that are likely to settle quickly instead of engaging in lengthy, costly litigation, lawyers bringing these cases are able to quickly recover attorney's fees. The profitability and ease with which these lawsuits can be brought has prompted some attorneys to find and file as many ADA violation suits as possible.

While the attorneys generate high profits from these lawsuits, money is diverted away from the real need—correcting the underlying violation that justified the lawsuit and providing the disabled plaintiff with equality and accessibility.

/././

/././

As is the instant case before the Court, Plaintiff has begun to file multiple "drive-by" lawsuits[1] over minor or non-existent infractions solely for the purpose of wringing settlements from small business owners throughout Southern California.

In the instant case, Plaintiff is a disabled individual who alleges that on May 03, 2018, he attempted to rent a room at Defendant's business, and was harmed by Defendant's failure to provide adequate ADA compliant handicapped parking at his business free from architectural barriers and curb ramps which lead to the swimming pool.

Defendant asserts that, notwithstanding the fact that his parking lot is fully ADA compliant, the Plaintiff in this action never entered the parking lot on May 03, 2018, or the business at any time, and did not have, and does not have, a true desire to patronage Defendant's business. Plaintiff just simply drove-by looking for alleged violations of the ADA.

Moreover, Defendant asserts that based on the passage of prior legislation, discussed further below, every business, property owner and tenant in the State of California is required to receive demand letters from lawyers setting forth the alleged violation on behalf of the disabled person(s) prior to the filing of litigation.

Despite the fact that Defendant and similarly situated business owners never received such statutory notice, Plaintiff is still filing its lawsuits and telling business property owners and tenants including but not limited to the Plaintiff in this action, that they are civilly liable for actual and statutory damages for violations of accessibility laws, among other things.

Accordingly, Defendant asserts that whereas he never received statutory notice as set forth by the California State Legislature Plaintiff's claim is not ripe for adjudication and Plaintiff is thus barred from brining its action.

---

[1]. Lawsuits which involve individuals, attorneys, or "expert witness" who drive by a place of business to determine whether there exist any architectural barriers for disabled individuals without actually entering the business.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the district court must dismiss the complaint for " lack of subject matter jurisdiction." When a plaintiff lacks standing under the Article III "case or controversy" requirement, federal courts lack subject matter jurisdiction over the suit, and the case must be dismissed. *Cetacean Community v. Bush,* 386 F.3d 1169, 1174 (9th10 Cir.2004). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010). And, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court properly dismisses a complaint for failure to state a claim upon which relief may be granted if "there is a' lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.2011) (citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the defendant may be liable. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), citing *Twombly,* 550 U.S. at 556.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. FD.I C.,* 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). However, courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* The ultimate determination of "whether a complaint states a plausible claim for relief will ... be a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

III. ARGUMENT

A. <u>Plaintiff Lacks Article III Standing</u>

To have standing to maintain this lawsuit against Defendants, Plaintiff would have to meet all three requirements of Article III: (I) that plaintiff has suffered an injury in fact that was concrete and particularized, and actual or imminent; (2) that the injury is fairly traceable to the challenged conduct; and (3) that the injury is likely to be redressed by a favorable court decision. *Levine v. Vilsack,* 587 F.3d 986, 991-992 (9th Cir. 2009); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560- 61 (1992). Because Plaintiff cannot establish any of these requirements necessary for Article III standing, the Court should dismiss this Complaint for lack of jurisdiction.

Even if the Court finds that the Plaintiff has suffered an injury, that alleged injury is not the result of any unlawful conduct by Defendants, nor could the court grant any relief that would be consistent with the ADA and the Congressional allocation of statutory responsibility. Thus, Plaintiffs lack Article III standing. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty.,* 386 F.3d at p. 1174.

B. <u>California Has An Effective Due Process Statute Which Plaintiff Has Failed to Comply.</u>

*California Civil Code* 55.3(b), sets forth that prior to filing a law suit under the Unruh Act that an attorney shall provide a written advisory on the form described below, on a separate page or pages that are clearly distinguishable from the demand letter or complaint. complaint, with each demand letter or complaint sent to or served upon a defendant or potential defendant. The pre-litigation letter shall read as follows:

/./.

- 4 -

*STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS*

*California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.*

*YOU HAVE IMPORTANT LEGAL OBLIGATIONS. Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect at www.dgs.ca.gov. Information is also available from the California Commission on Disability Access at www.ccda.ca.gov/guide.htm.*

*YOU HAVE IMPORTANT LEGAL RIGHTS. The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present your explanation why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.*

*You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider.*

*Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint.*

*If you have hired an attorney to represent you, you should immediately notify your attorney. If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.*

*California Civil Code § 55.3 states as follows:*

55.3. (a) For purposes of this section, the following shall apply:
(1) "Complaint" means a civil complaint that is filed or is to be filed with a court and is sent to or served upon a defendant on the basis of one or more construction-related accessibility claims, as defined in this section.

(2) "Construction-related accessibility claim" means any claim of a violation of any construction-related accessibility standard, as defined by paragraph (6) of subdivision (a) of Section 55.52, with respect to a place of public accommodation. "Construction-related accessibility claim" does not include a claim of interference with housing within the meaning of paragraph (2) of subdivision (b) of Section 54.1, or any claim of interference caused by something other than the construction-related accessibility condition of the property, including, but not limited to, the conduct of any person.

(3) "Demand for money" means a prelitigation written document or oral statement that is provided or issued to a building owner or tenant, or the owner's or tenant's agent or employee, that does all of the following:
(A) Alleges that the site is in violation of one or more construction-related accessibility standards, as defined in paragraph (6) of subdivision (a) of Section 55.52, or alleges one or more construction-related accessibility claims, as defined in paragraph (2).
(B) Contains or makes a request or demand for money or an offer or agreement to accept money.
(C) Is provided or issued whether or not the attorney intends to file a complaint, or eventually files a complaint, in state or federal court.

(4) <u>"Demand letter" means a prelitigation written document that is provided to a building owner or tenant, or the owner's or tenant's agent or employee, that alleges the site is in violation of one or more construction-related accessibility standards, as defined in paragraph (6) of subdivision (a) of Section 55.52, or alleges one or more construction-related accessibility claims, as defined in paragraph (2), and is provided whether or not the attorney intends to file a complaint, or eventually files a complaint, in state or federal court.</u>[emphasis added]

Further, The California State Legislature enacted SB 1186 to address litigation abuse, such as "vexatious litigation" — lawsuits that are not pursued to rectify wrongs or to advance or create a public benefit.

- 6 -

As stated by the author of the bill, "Vexatious special access lawsuits unduly burden our courts and taxpayers and do not result in improved access for those with special access needs. Those lawsuits cost California jobs and economic prosperity, unfairly threaten small businesses, force businesses to respond with higher costs for goods and services, and have adverse impacts on levels of employment and employee compensation."

SB 1186, codified at *California Civil Code* § 1938, states in pertinent part that Pre-litigation letters must contain a factual statement which would allow a reasonable person to be able to identify the violation. The specific access barrier (or reason the individual was deterred) must be set forth in plain language, with enough information about the location of the barrier for a reasonable person to be able to identify it. Further, the letter must explain how the barrier interfered with the person's full and equal access. It must include the date(s) on which the interference occurred.

In *Molski v. Evergreen Dynasty Corp.* 500 F.3d 1047, 1057 (9th Cir. 2007). U.S. District Judge Rafeedie's order stipulates that neither the plaintiff, Jarek Molski, nor his lawyer, Thomas Frankovich, could file an ADA suit unless Rafeedie's court was first notified. The judge emphasized that his ruling "does not limit the right of a legitimately aggrieved disabled individual to seek relief under the ADA; it only prevents abuse of the law by professional plaintiffs, like Molski and their lawyers ... whose priority is their own financial gain, and not 'the elimination of discrimination against individuals with disabilities.'" In a second opinion in April 2004, Rafeedie wrote that the court believes it must "... protect the judicial system and the public from [the Frankovich law firm's] abusive and predatory litigation."

In a similar ADA case *Doran v. Petroleum Management Corp.*, 545 F.2d 893, 1977 U.S. App. LEXIS 10442, Fed. Sec. L. Rep. (CCH) P95,844, 56 Oil & Gas Rep. 591 (5th Cir. decided in June 2005, U.S. District Court Judge Gary Taylor held that "it is a proper exercise of discretion and common sense in an ADA case

or a parallel state case to require, as a prerequisite to recovering attorneys' fees, a pre-litigation unambiguous warning notice to the defendant and a reasonable opportunity to cure the violation." The court cited the Graham case and wrote, "Such a notice will permit legitimate ADA advocates to warn the defendant and get the problem fixed without having to file a needless, frequently extortionate, lawsuit."

In the instant case, Defendant received no such notice, and no pre-litigation letter as set forth above is attached to Plaintiffs complaint to evidence compliancy with *California Civil Code* §§ 55.3(b),1938, Whereas Plaintiff has failed to comply with *California Civil Code* §§ 55.3(b) and 1938. its action is not ripe for adjudication.

Accordingly, Plaintiff has failed to state a cause for which relief may be granted and must be dismissed under Fed. R. Civ. P. 12(b)(1)&(6), and whereas this deficiency cannot be cured through amendment, Plaintiffs complaint must be dismissed with prejudice.

C.  <u>Plaintiff Has Failed To State A Claim For Which Relief May Be Granted</u>

Rule 12(b)(6) empowers the Court to dismiss claims that fail to state a claim upon which relief may be granted. *Voda v. Medtronic, Inc.*, No. 09-0095, 2011 WL 10820070, at *1 (W.D. Okla. Aug. 17, 2011). In deciding such a motion, the court's role is "to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

As stated above, Whereas Plaintiff has failed to comply with *California Civil Code* §§ 55.3(b) and 1938. its action is not ripe for adjudication.

Accordingly, Plaintiff has failed to state a cause for which relief may be granted and must be dismissed under Fed. R. Civ. P. 12(b)(1)&(6), and whereas this deficiency cannot be cured through amendment, Plaintiffs complaint must be dismissed with prejudice.

/././

## IV. CONCLUSION

The case before the Court is precisely the type of case the California State legislature sought to curtail, ie. [a] vexatious, profitable lawsuit that does absolutely nothing to protect individuals with disabilities or promote the spirit and purpose of the ADA, and is not pursued to rectify wrongs or to advance or create a public benefit. Instead, it unfairly threatens Defendants business, and similarly situated businesses in the area.

The Plaintiff in this case has filed over 143 separate lawsuits against small businesses and business owners, throughout Southern California, alleging violations of 42 U.S.C. § 12181 *et seq.* and, *California Civil Code* § 51, and in each of these cases, the Plaintiff has failed to provide notice to any of these Business Owner(s)/Defendants pursuant to *California Civil Code* §§ 55.3(b) and 1938, including but not limited to the Defendants in the instant case.

As stated above, Whereas Plaintiff has failed to comply with *California Civil Code* §§ 55.3(b) and 1938, its action is not ripe for adjudication and therefore must be dismissed, and whereas this deficiency cannot be cured through amendment, Plaintiffs complaint must be dismissed with prejudice.

Respectfully submitted,

Date: July, 30 2018            By_____
                                  Yuli Kaplunovsky
                                  Attorney for Defendants

## PROOF OF SERVICE
[F.R.C.P. Sec. II, Rule 4.1(a)]

FILED

AUG 0 2 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT ) RUTHERFORD V. ECONOLODGE, ET AL.
)
) §§: Case No: 18-CV-1471-LAB JMA
)
SOUTHERN DISTRICT OF CALIFORNIA )

I am employed in the City of Carlsbad, County of San Diego, State of California. I am over the age of 18 years and not a party to the within mentioned action. My business address is 2207 Garnet Ave.,, San Diego, California 92109.
On **July 30, 2018** I caused the document(s) named below to be served on the interested parties in this action as follows:

Joseph R. Manning, Jr. Esq.
MANNING LAW, APC
4667 Mac Arthur Blvd. Ste. 150
Newport Beach, California 92660

**DOCUMENTS SERVED:** DEFENDANTS MOTION TO DISMISS UNDER F.R.C.P 12(b)(1)&(6).
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS.

[ X ] **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oceanside, California. I am readily familiar with the correspondence for mailing, said practice being that in the ordinary course of business, mail is to be deposited in the United States Postal Service the same day as it is placed for collection.

[ ] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee(s)

[ ] **(BY SUBSTITUTED SERVICE ON NATURAL PERSON, MINOR, CONSERVATEE, OR CANDIDATE)**
By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household apparently in charge of the home, office, or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

[ ] **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein at approximately
3:00 p.m. via the Facsimile number(s) listed above. A copy of the transmission report(s) are attached hereto.

I hereby declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

Executed on: July 30, 2018

LAURA S. SHON