UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ECONOLODGE, et al.,<br><br>　　　　　　　Defendant. | Case No.: 18cv1471-LAB (JMA)<br><br>**ORDER REQUIRING PLAINTIFF TO INVESTIGATE FACTUAL BASIS FOR CLAIMS** |

　　　Defendant has filed a motion to dismiss (Docket no. 5) that, among other things, represents that the pharmacy's parking lot is ADA-compliant, that Plaintiff in fact never entered the parking lot, and that Plaintiff has no intention to patronize the business in the future.  Although ordinarily the Court accepts all well-pleaded facts as true at this stage, here they implicate jurisdiction. If these representations are correct, Plaintiff lacks Article III standing.

　　　Before filing an opposition or otherwise litigating his claims further, Plaintiff must investigate and confirm that he went to the correct location, and encountered the barriers there that the complaint describes.  He must also confirm that he has a definite intention to patronize the business in the future.  If he has made a mistake or his allegations are inaccurate, he should correct them before proceeding further. *See* Fed. R. Civ. P. 11(b)(3).

If after a reasonable investigation, Plaintiff knows the allegations are accurate, his opposition to the motion to dismiss should say so. In particular, Plaintiff should state what his plans to patronize the motel in the future are. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (holding that intent to return at some indefinite time in the future to a place where injury occurred did not support a finding of actual or imminent injury sufficient to show standing). He must also identify where he lives.

If appropriate, the Court may require additional briefing, hold a hearing, or convert the motion to one for summary judgment.

**IT IS SO ORDERED**.

Dated: August 6, 2018

_____
Hon. Larry Alan Burns
United States District Judge