UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>                       Plaintiff,<br><br>v.<br><br>ECONOLODGE, et al.,<br><br>                      Defendant. | Case No.: 18cv1471-LAB (JMA)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

      Plaintiff James Rutherford, through counsel, brings claims for violations of the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. His claims arise out of a visit to Defendant's motel in Encinitas, California on May 3, 2018. Rutherford alleges he is disabled and relies on mobility devices, including a wheelchair at times. (Compl., ¶ 1.) He alleges that he frequently travels to San Diego with his fiancé, who is quadriplegic. Rutherford alleges that the motel's parking spaces and lobby did not comply with ADA Accessibility Guidelines.

      Defendants Econolodge and Radhika-Shyam, Inc. moved to dismiss for lack of jurisdiction. In their motion, Defendants argued that Rutherford lacked Article III standing because he had not sent a pre-suit notice and given Defendants an opportunity to cure as required by Cal. Civ. Code §§ 55.3 and 1938. Defendants also described Rutherford as having filed multiple "drive-by lawsuits" throughout

1

Southern California, and that he does so as part of a predatory pattern. (Mot. to Dismiss (Docket no. 5) at 8:1–3.) They also represented that Rutherford never entered the motel or its parking lot and has no intent to patronize the motel at any time. (*Id.* at 8:9–13.)

Based on Defendants' representation that Rutherford did not visit the motel, the Court issued an order to show cause (Docket no. 7), requiring him to investigate the factual basis for his claims and to address jurisdictional concerns in his opposition. He neglected to do this, however, and the Court ordered him to file a separate response (Docket no. 9), which he has now done. (Docket no. 10.)

**Legal Standards**

A motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

The Court is obligated to examine its own jurisdiction, including jurisdictional issues such as standing, and must do this *sua sponte* if necessary. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

Jurisdiction is presumed to be lacking, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and the party invoking the Court's jurisdiction (here, Rutherford) must establish it. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). Because this case is at the pleading stage, this means Rutherford must plead facts showing he has standing to bring these claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Although Defendants argued that Rutherford did not visit the motel on May 3, they presented no evidence.[1] Nor did the Court in its order to show cause require Rutherford to present evidence. Defendants' attack on standing is therefore a facial attack, based on the complaint's allegations, and for purposes of the motion to dismiss the Court accepts the complaint's allegations as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

Because Rutherford is relying on supplemental jurisdiction to bring his Unruh claim, he must show the Court has jurisdiction over his ADA claim. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Because only injunctive relief is available to Rutherford under the ADA, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), if he lacks standing to seek injunctive relief, the Court lacks jurisdiction over the entire case.

**Order to Show Cause**

At this stage of the litigation, Rutherford was only required to plead facts establishing jurisdiction. His response to the order to show cause is sufficient, and that order is **DISCHARGED**.

/ / /

---

[1] In response to the Court's order to show cause, Rutherford provided an unsolicited declaration saying that he and his fiancé visited the motel on May 3. (Docket no. 10.) But the only evidence regarding whether he did so is his own, and there is no evidence to the contrary at this point.

Defendants cite to authority they believe shows that a plaintiff's failure to send a pre-litigation demand letter either bars any Unruh Act claim, or deprives a federal court of jurisdiction to entertain the claim. But the authority they cite is either inapposite or has been reversed.

Defendants have correctly pointed out, however, that California in 2012 in an attempt to deter baseless claims and vexatious disability discrimination litigation enacted SB 1186. This imposed new requirements concerning demand letters, and—importantly—heightened the pleading requirements to require specificity and verification of complaints. *See* Cal. Code Civ. Proc. § 425.50. In response, some high-volume plaintiffs engaged in forum shopping by filing claims in federal courts as an "end-around" state procedural protections. *See Schutza v. Cuddeback*, 262 F. Supp. 1025, 1030–31 (S.D. Cal. 2017) (Bashant, J.)

Defendants also correctly point out that Rutherford has brought a huge number of cases in this District alone—68 in the last two years, including at least fourteen against hotels or motels, and many more against restaurants. He has also filed many more in the Central District, many against hotels, motels, restaurants, and other businesses. Viewed as a whole, his allegations in these cases about the businesses he has attempted to patronize in different parts of the state strain credulity.[2] This tends to support their assertion that Rutherford is in fact not

---

[2] Given the huge number of restaurants, hotels, and motels Rutherford has sued in different cities and counties from 2017 onwards, it would appear he is almost constantly on vacation, criss-crossing Southern California. Some of the dates of his allegations in different cases overlap, placing him in different counties or far-flung cities in quick succession, or even the same day, for no apparent reason. For example, in several different cases in the Central District, he alleged that he drove to and tried to stay at motels in Corona, Irvine, Lake Forest, and Newport Beach all on the same day, July 26, 2017. *See* Complaints in 17cv1775, *Rutherford v. Ayres Holdings* (alleging he had a reservation for a motel room in Corona for July 26, 2017, but found the hotel non-ADA compliant when he arrived); 17cv1355, *Rutherford v. HPT TRS WYN, Inc.* (alleging he sought to

4

18cv1471-LAB (JMA)

interested in patronizing the businesses he is suing, in which case he would lack standing to bring an ADA claim as well.

That being said, the Court has discretion to decline supplemental jurisdiction under certain circumstances, including for "compelling reasons" not enumerated. 28 U.S.C. § 1367(c)(4). When the Court declines jurisdiction under this provision, it must articulate why exceptional circumstances warrant it. *See San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1988).

As noted, Rutherford has filed a huge number of disability discrimination cases in a relatively short time, and the need for California's procedural protections appears particularly acute. Furthermore, federal courts may properly take measures to discourage forum shopping. *See Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965).

The important interest of comity also counsels declining jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that comity is a factor to be considered before exercising supplemental jurisdiction). California has a strong interest in protecting its citizens and businesses from abusive litigation and also in preventing its own laws from being misused for unjust purposes. This Court has held, more than once, that permitting a plaintiff an "end-around" SB 1186's reforms would be improper. *See, e.g., Velez v. Il Il Fornaio (America) Corp.*, 2018 WL 6446169, at *6 (S.D. Cal., Dec. 10, 2018) (Bencivengo, J.); *Schutza v. Lamden*, 2018 WL 4385377, at *5 (S.D. Cal., Sept. 14, 2018) (Lorenz, J.); *Schutza v. Cuddeback*, 262 F. Supp. at 1031. Moreover, the same remedies are available for Unruh Act violations in state court as in this Court.

---

have a meal and book a room for the night in Irvine that same day);17cv1357, *Rutherford v. Pacifica Hotel Co.* (alleging he sought to book a room for the night in Newport Beach on the same day); 17cv1407, *Rutherford v. Quality Inns* (alleging he sought to book a room for the night in Lake Forest on the same day).

Declining to exercise supplemental jurisdiction over Rutherford's state law claims would, in the Court's view, serve the interests of judicial economy, fairness to litigants, and comity, all of which are important considerations. *United Mine Workers*, 383 U.S. at 726. The Court therefore *sua sponte* declines jurisdiction over Rutherford's Unruh Act claim. *See Velez* 2018 WL 6446169, at *5 (*sua sponte* declining to exercise supplemental jurisdiction).

**Failure to Plead Facts Giving Rise to Standing**

Rutherford's fiancé is not a party to this action. Rutherford has no standing to raise any claims his fiancé might have; his rights are limited to the right to stay at the motel with his fiancé. His fiancé's disability is therefore relevant, but only to his own claim. *See Chapman*, 631 F.3d at 949 (holding that Article III standing requirements mean an ADA plaintiff must show that "injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties").

The complaint alleges a number of violations that *might* affect and *might* deter someone with Rutherford's disability and someone with his fiancé's disability, but it fails to allege any injury. His response to the order to show cause attaches photographs of the premises and makes additional allegations. But he never alleges how the violations affected him or his fiancé.

The complaint identifies three barriers: 1) two curb ramps leading from accessible parking spaces extend into the accessible parking space access aisles; 2) there are no accessible handrails on the ramp leading to the main entrance; and 3) the main lobby's sales counter is too high for a person in a wheelchair to use. (Compl., ¶ 15.) It also points to the requirement that "[c]urb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles . . . ." (*Id.*) But the wording does not suggest that Rutherford is bringing claims based on curb ramp flares, or ramps extending into traffic lanes or parking spaces.

/ / /

While Rutherford's fiancé uses a wheelchair, he has not alleged that his fiancé needed to use the motel's sales counter, or would likely need to on a future visit, or that his fiancé's inability to use the sales counter affected or would likely affect Rutherford himself.

Rutherford "at times" uses a wheelchair, but he does not say how often this is. He does not say what other mobility devices he uses, or how often. Nor does he allege facts showing it is likely—as opposed to merely hypothetical or speculative—that he would be using a wheelchair or a similar mobility device that required the lobby's sales counter be accessible. If, for example, he would likely be using a walker or cane and could approach and use the counter without difficulty, there would be no need for an injunction ordering Defendants to make alterations to the counter. Similarly, he does not allege facts showing that either he or his fiancé needs accessible handrails on the ramp, or how the absence of such handrails injured him or is like to do so in the future. Nor has he alleged how the fact that curb ramps extend into the access aisle affects either him or his fiancé.

Rutherford argues that he is proceeding as a "private attorney general." (Compl., ¶ 2.) Although some earlier decisions have compared the function or role of civil rights plaintiffs, including ADA plaintiffs, to private attorneys general, the ADA does not authorize private attorney general actions. *Chapman*, 631 F.3d at 953 (opining that recognition of availability of somewhat broader injunctive relief "does not transfer the ADA into an open-ended private attorney general statute"). Rutherford's misunderstanding of this may have led him to believe he could seek injunctive relief to benefit a broad group of disabled people and that he need only allege facts showing that someone within this group would be affected by the barriers. But it is not enough for Rutherford simply to identify ADA violations that could affect people with disabilities similar to his; he must allege an actual, concrete injury to himself. *See Lujan*, 504 U.S. at 560; *see also Chapman*, 631 F.3d at 947 (explaining that a barrier will give rise to Article III standing only "if it

affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability").

Rutherford has therefore not met his burden of pleading facts to establish Article III standing.

**Conclusion and Order**

The motion to dismiss is **GRANTED IN PART**. The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to plead jurisdictional facts. For the reasons set forth above, the Court **DECLINES** to exercise supplemental jurisdiction over Rutherford's state law claim.

No later than **March 11, 2019** Rutherford may file an amended complaint that corrects the defects this order has identified, and including only an ADA claim. If he fails to do so, this action may be dismissed.

**IT IS SO ORDERED**.

Dated: February 27, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge